Raymond M. WEINSTEIN, Plaintiff–Appellant,

v.

CADMAN TOWERS, INC., Luis Pineda, Defendants–Appellees.

No. 07–3768–cv.

United States Court of Appeals, Second Circuit.

Jan. 21, 2009.

---

**530**

Raymond M. Weinstein, Brooklyn, NY, pro se Appellant.

Jack Cohen, Law Offices of Charles J. Siegel, New York, NY, for appellees.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Raymond Weinstein brought suit against Cadman Towers, Inc., and Luis Pineda, a building manager, for unlawful discrimination under the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. § 3601 et seq. Following an August 8, 2007, memorandum and order of the United States District Court for the Eastern District of New York (Carol B. Amon, Judge), the clerk of that court entered judgment denying Raymond Weinstein's motion for summary judgment and granting appellee's motion for summary judgment.

Weinstein appeals. We assume the parties' familiarity with the underlying facts and the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). We must determine whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. Id.

■ The district court properly denied Weinstein's motion to represent John Holub's estate pro se because Weinstein admitted in his brief that Holub's brother was a beneficiary to Holub's estate. "[A]n administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant." Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir.1997).

■ To the extent Weinstein claims that he himself was discriminated against, he has not introduced any evidence of intent sufficient to create a genuine issue of fact as to whether the defendants' eviction proceedings were brought on the basis of a discriminatory animus based on his known association with Holub, and he has not alleged that he himself was disabled.

We have carefully reviewed Weinstein's remaining arguments and find them to be without merit.

Accordingly, there is no basis on which to challenge the judgment of the district court.

For the foregoing reasons, the judgment of the district court is hereby **AF-FIRMED.**